ALBERT LINGREN v. W. H. FLETCHER AND L. McCHESNEY.

### No. 329.

LIMITATION OF ACTION — *Contract in Writing.* An action for the recovery of damages for a failure to comply with the terms of a written agreement to erect a house, and furnish all labor and material therefor, is an action on an agreement, contract, or promise in writing, and is not barred by the three-year statute of limitations.

Error from Clay district court; R. B. SPILMAN, judge. Opinion filed December 20, 1898. Affirmed.

*Dawes, Harkness & Wulfekuhler,* for plaintiff in error.
*Coleman & Williams,* for defendants in error.

The opinion of the court was delivered by

McELROY, J. : This action was brought in the court
below by Fletcher & McChesney against Lingren to
recover damages by reason of his failure to furnish
the labor and material in the building of a two-story
business house with an addition.   The petition states
that the plaintiffs and defendant, on March 22, 1896,
entered into a contract in writing by which defendant
agreed to erect a two story-and-basement house, ac-
cording to plans and specifications, and to furnish all
the labor and materials therefor, in consideration of
$3300 ; that about the time the foundation of the
the building was completed, the parties entered into a
second contract in writing, by which the defendant
agreed to construct an addition to the building, and to
furnish all the labor and material therefor, in consid-
eration of $1700 ; that the plaintiffs paid to the de-
fendant on the contracts the sum of $4436.80 ; that on
the 28th day of July the defendant abandoned the
contract and work, leaving large claims for labor and
material due and unpaid, in the sum of $368.20 ; that
he failed and refused to construct the building accord-
ing to contract, and being insolvent, the plaintiffs were
compelled to pay for labor, material and the comple-
tion of the buildings the sum of $400 above the con-
tract price ; that the plaintiffs paid defendant $86.80
which had been overlooked ; that the buildings were
completed in accordance with the plans and specifica-
tions ; and plaintiffs therefore demanded judgment for
$846.45.   The answer was a general denial and a plea
of the statute of limitations.   A trial was had before

the court, without a jury, on the following agreed statement of facts:

"It is agreed between the respective parties that if the plaintiffs are entitled to recover at all in this action, they are entitled to recover the sum of $200; that the defendant Albert Lingren was in the state of Kansas, and was a resident thereof for more than three years after the cause sued upon accrued, but that he departed from this state, being a non-resident thereof before the expiration of five years; and that he continuously remained out of the state from a time within five years subsequent to the time the cause of action accrued. The sole question submitted to the court is, Does the three years or the five years statute of limitations apply to this case, under the pleadings and agreed statement of facts? If the five years statute, the plaintiff shall have judgment for $200 and costs; if the three years statute applies, the defendant to have judgment for costs, the same as if such three years statute were expressly pleaded."

The court found for the plaintiffs and rendered judgment against the defendant, who filed his motion for a new trial, which was overruled, and presents the case to this court for review. The only question involved is whether the action is barred by the statute of limitations. Section 12, chapter 95, General Statutes of 1897 (Gen. Stat. 1889, ¶ 4095), reads:

"Civil actions other than for the recovery of real property can only be brought within the following periods after the cause of action shall have accrued, and not afterwards: First, within five years: an action upon any agreement, contract or promise in writing. Second, within three years: an action upon a contract not in writing, express or implied; an action upon a liability created by statute other than a forfeiture or penalty."

Is the present action an action on any agreement, contract, or promise in writing, within the meaning of

the statute?   The contract set out in the petition was in writing, and the defendant thereby agreed that he would furnish the material and labor and construct the buildings.   The right of action accrued by reason of Lingren's failure to comply with the terms of his written contract.   The cause of action was not barred by the statute of limitations.

The judgment will be affirmed.